IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRAD GARRETT ODELL,

    Petitioner,                      No. CIV S-03-0763 FCD JFM P

    vs.

MIKE KNOWLES, et al.,

    Respondents.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an enhancement to the prison sentence imposed pursuant to California Penal Code § 12022.53(d) following his October 2000 conviction on multiple state law criminal charges. Petitioner claims that the enhancement to his sentence is unlawful because there was no specific jury finding that his personal use of a firearm proximately caused great bodily injury.

/////

/////

/////

1

FACTS[1]

*Prosecution case-in-chief*

On August 6, 1999, Orrin Anderson went out to dinner and a movie with his wife, Pegirae, and their 12-year-old daughter, Kimberly. The movie ended around midnight and Orrin drove his family home. While they were stopped for a red light, a red Volkswagen Rabbit sped by and nearly struck the Andersons' car. Orrin honked the horn. When the light turned green, the Rabbit proceeded through the intersection and the next block, then slowed. The Rabbit then began weaving across the traffic lanes. Orrin told Pegirae to call the police. Pegirae evidently had a cellular telephone.

As the cars approached the intersection, the Rabbit made a U-turn and accelerated directly toward the Andersons' car, causing Orrin to swerve off the road. Orrin fled through side streets. At one point, he saw the Rabbit with its headlights off. Orrin told the police dispatcher that he would meet an officer at a nearby café.

While the Andersons were parked at the café, they saw a greenish-blue Mustang approach the café and block the driveway. [Petitioner] who was alone in the Mustang, smiled and then fired three gunshots into the Andersons' car.

As Orrin drove away, Kimberly said she was shot and could not feel anything. She then lost consciousness. Orrin raced to the University of California Davis Medical Center where Kimberly was treated in the emergency room. A bullet had struck her spine, causing paralysis of her lower extremities. She will never walk again.

While at the hospital, Sacramento Police Homicide Detective Keith Burgoon asked Pegirae if she would be able to identify the shooter. Pegirae said she could identify him; he was a 30-year-old while male. As Burgoon drove Pegirae to the street where officers located the Rabbit and the Mustang, Burgoon said he first wanted her to try to identify the cars. Pegirae recognized both the Rabbit and the Mustang. Burgoon then said he did not want Pegirae to identify the detained person unless she was absolutely sure he was responsible.

Pegirae sat in the detective's car as [petitioner] stood in front of the car with its lights illuminating him. After about 10 or 15 seconds, Pegirae said, "That's him." Pegirae recognized

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Odell, No. C037419 (Feb. 27, 2002), a copy of which is attached as Exhibit C to Respondents' Answer, filed July 16, 2003.

2

[petitioner]'s face; she was 100 percent sure he was the shooter. Pegirae was able to identify [petitioner] because he was only 15 to 20 feet away when he fired his gun.

Three bullet holes were located in the Andersons' car. Tests revealed that bullet fragments found in the car were fired from a .38-caliber revolver found in [petitioner]'s residence. A large amount of gunshot residue was found in [petitioner]'s Mustang, indicating that a gun had been fired from inside the car. [Petitioner] had gunshot residue on his hand.

*Defense*

Sacramento Police Officer Clay Quint spoke with Pegirae at the hospital shortly after the shooting. Pegirae related the events to Officer Quint, and told him that she could not identify the shooter.

Stuart Krum testified that [petitioner] had worked from him at Schatz & Krum BMW-Porsche for three weeks.

James Boyd testified that [petitioner] worked with him at the BMW repair shop. They consumed alcoholic beverages at a bar on the night of the shooting.

The parties stipulated that there were three hundred fifty-seven 1994 Ford Mustangs registered in El Dorado, Placer and Sacramento counties.

(People v. Odell, slip op. at 2-4.)

## ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the

3

governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claim

As a result of the events at bar, petitioner was convicted of multiple criminal charges with enhancements on several of the counts. Petitioner challenges the enhancements pursuant to California Penal Code § 12022.53(d). That section provides for an enhanced additional consecutive sentence of twenty-five years to life in prison for individuals who, during the commission of specified offenses, "personally and intentionally discharges a firearm and proximately causes great bodily injury . . . to any person. . . ." Cal. Penal Code § 12022.53(d). Petitioner contends that the enhancement was wrongly added to his sentence because the jury did

not make a specific finding that he caused great bodily injury.  Petitioner's claim is predicated on the fact that the verdict forms for the challenged enhancements provided only for a finding that petitioner had personally used a firearm and did not include language about proximately causing great bodily injury thereby.

This claim was raised and rejected on direct appeal.  The last reasoned rejection of the claim was by the state court of appeal, which denied the claim on the grounds that (1) petitioner failed to object to the verdict forms at trial; (2) the jury had been properly instructed as to the enhancement; and (3) there was no dispute that the shooter caused great bodily injury. (People v. Odell, slip op. at 11-12.)

Petitioner contends that his federal constitutional right to due process was violated when the enhancements were imposed in the absence of a specific finding on the verdict form that he proximately caused great bodily injury.  Petitioner relies on Jones v. United States, 526 U.S. 227 (1999) and Apprendi v. New Jersey, 530 U.S. 466 (2000)  Those cases require that "[o]ther than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, at 490.  It is sufficient that the record as a whole show that the enhancing facts have in fact been pleaded and proved to the jury.  See, e.g., U.S. v. Dowd, _ F.3d _, 2005 WL 1863283 (9th Cir. Aug. 8, 2005); see also U.S. v. Valencia Amezcua, 278 F.3d 901, 910 (9th Cir. 2002).

For the reasons set forth by the state court of appeal, the requirements of due process were satisfied in this case. Petitioner's claim should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: August 25, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
odel0763.157